UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL McCAIN SPEAR, | ) |
| Plaintiff, | ) |
| v. | ) No. 10 C 514 |
| CITY OF CALUMET, | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cheryl McCain Spear, brought suit against the City of Calumet, alleging discrimination and retaliation based on her gender. Before the Court is Defendant's Motion to Dismiss.

## BACKGROUND

The following background is taken from Plaintiff's Complaint. Plaintiff's factual allegations are accepted as true for purposes of this motion.

Defendant is a political subdivision of the State of Illinois. Plaintiff worked for Defendant for approximately twleve years as a truck driver. Plaintiff was the only female employee in this position and was never promoted. Plaintiff claims she was the only employee that was not given the opportunity for "promotional advancement." Thus, she was never able to attain an operator position. Her male counterparts, however, were given the opportunity for advancement. Plaintiff claims that the men were allowed to "self train" in order to receive higher pay. In contrast, Plaintiff was not allowed to "self train." When it was her turn to train, Plaintiff alleges that a new rule would always be implemented that required her to be trained by someone with more experience than she had. Furthermore, when Plaintiff would ask Jay Embrey, the

commissioner of Calumet City Public Works at that time, when Plaintiff would be trained, Mr. Embrey would state "soon" or "it's not up to me to talk to the mayor."

Additionally, Plaintiff was discriminated against because male employees were allowed to take bathroom breaks whenever they wanted and wherever it was convenient. Plaintiff, however, was made to come back to "the barn" for her bathroom breaks. When Plaintiff took her bathroom breaks, she was also questioned about the duration of her break. Plaintiff also had to explain her "once a month situation" and felt that if she was treated equally, her bathroom breaks would go unnoticed. This caused Plaintiff a lot of embarrassment.

Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC") on March 3, 2009. The charge described an incident that occurred in February of 2009. Specifically, the charge reported that in February 2009, Plaintiff had been subjected to gender based-harassment and different work conditions.

On or about April or May 2009, Plaintiff had a meeting with the mayor of Calumet and the director of personnel regarding the discrimination. During the meeting, Plaintiff stated that Defendant's behavior towards her violated the Civil Rights Act. In response to this, Defendant replaced the bathroom lock with a better lock and instructed other employees to cease questioning Plaintiff about her "feminine time spent in the restroom." Plaintiff asserts that this corrective action was not enough and that Defendant had failed to take proper action against the discrimination. Furthermore, Plaintiff alleges that even after she filed a grievance, the discrimination and harassment would continue. Thus, Plaintiff resigned on November 30, 2009. Plaintiff filed this lawsuit on January 26, 2010.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.___, 129 S.Ct. 1937 (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct. *Iqbal*, 129 S.Ct. at 1950.

## ANALYSIS

Plaintiff does not separate her Complaint into distinct claims. However, five claims can be fairly discerned under Title VII of the Civil Rights Act: disparate treatment regarding bathroom breaks (Claim I); conduct preventing Plaintiff from training for further advancement

3

(Claim II); hostile work environment (Claim III); retaliation (Claim IV); and constructive discharge (Claim V).

*Claims I and III – Disparate Treatment and Hostile Work Environment*

Plaintiff alleges that Defendant subjected her to gender-based discrimination because of disparate treatment with respect to bathroom breaks. Plaintiff asserts that men were allowed to "relieve themselves whenever wherever," while she was expected to "come back to the barn, which is the City of Calumet City Public Works." This caused the Plaintiff "mental embarrassment." (Compl. ¶1.) Additionally, Plaintiff's EEOC charge also asserted disparate treatment with respect to bathroom breaks. (Def.'s Mot. Dismiss Ex. 1.)

Moreover, Plaintiff alleges that Defendant maintained a hostile work environment. Plaintiff specifically claims that Defendant failed to maintain non-hostile work conditions and did not implement an adequate policy to prevent hostile work conditions. (Compl. ¶7A.) Furthermore, Plaintiff describes the hostile work environment by alleging that she was questioned about the duration of her bathroom breaks. Defendant did not subject male employees to the same questioning. Plaintiff also alleged, as discussed above, that she was "made to come back to the barn" to take her bathroom breaks while male employees were not. (Compl. ¶1.) Additionally, Plaintiff asserts in her EEOC charge that she was reassigned to trash collection duty while male employees with less seniority were allowed to drive trucks. (Def.'s Mot. Dismiss Ex. 1.)

Plaintiff's Complaint specifically addresses the disparate treatment and the hostile work environment claims. Additionally, both claims were plainly stated in the EEOC charge. These

4

allegations are sufficient to survive the Defendant's Rule 12(b)(6) motion. Thus, Defendant's Motion to Dismiss is denied with respect to claims I and III.

*Claim II – Failure to Train for Further Advancement*

Plaintiff alleges Defendant violated Title VII of the Civil Rights Act by failing to provide Plaintiff with training for job advancement. Defendant objects to this allegation because Defendant alleges this claim was not included in the EEOC charge. The charge specifically states that "since February 2009, I have been subjected to gender-based harassment, different terms and conditions of employment as it relates to bathroom breaks and reassigned to picking up trash while male employees with less seniority than me are allowed to drive trucks and not have to return to the barn for their breaks." (Def.'s Mot. Dismiss Ex. 1.) Defendant argues that claim II cannot be brought in this lawsuit because it was not included in Plaintiff's EEOC charge.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western and Southern Life Insurance Co.*, 31 F. 3d 497 (7th Cir. 1994) (*Cheek*) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). A plaintiff however, need not assert all possible claims in the EEOC charge. "In addition to those claims which were previously charged, Title VII plaintiffs may also litigate claims which are like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." *Teal v. Potter*, 559 F.3d 687, 692 (7th Cir. 2009) (*Teal*). Moreover, courts have held that this "standard is a liberal one and is satisfied if there is a reasonable relationship between the allegations in the charge and those in the complaint, and the claim in the complaint could reasonably be expected to be discovered in the course of the EEOC's investigation." *Id.* (internal quotations omitted).

5

Plaintiff asserts that all claims listed in the Complaint "point to the central focus of Plaintiff's EEOC charge, that being, disparate treatment in the workplace based on gender." Furthermore, Plaintiff contends that the allegations listed in the Complaint would "naturally flow" from an EEOC investigation. *Id.* Plaintiff's Complaint and EEOC charge do not satisfy these requirements. *Cheek* illustrates this point.

In *Cheek*, the plaintiff alleged that her employer discriminated against her because of her gender. Her EEOC charge described her employer's behavior as intimidating and further asserted that her employer made her pay the client insurance premiums while the male employees did not. In the complaint, however, Cheek alleged that her manager assigned women to less prosperous sales routes and that she felt that this was discriminatory behavior. Thus, the court held that the EEOC charge and the claims in the complaint were not reasonably related. The court held that because an employer "may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sexual discrimination." *Cheek* at 501.

Similarly, Plaintiff's EEOC charge did not describe the behavior that gave rise to claim II in the Complaint. These alleged that "since February 2009, I have been subjected to gender based harassment, different terms and conditions of employment as it related to bathroom breaks and reassigned to picking up trash while male employees with less seniority than me are allowed to drive trucks and not have to return to the barn for their breaks." (Def.'s Mot. Dismiss Ex. 1.) In contrast, the allegations in the Complaint state that Defendant did not allow Plaintiff the opportunity to self train in order to advance professionally. Moreover, even if a liberal standard

is used (as prescribed by *Teal*), the differences between the EEOC charge and the Complaint allegations are significant. According to the court in *Cheek*, the Plaintiff "must at least have described, with some degree of specificity, the conduct she considered discriminatory." *Cheek*, at 502. Plaintiff did not do so. Thus, the charge did not fulfill its purpose of giving Defendant "notice of the factual basis for the claims of sex discrimination and affording the EEOC the opportunity to investigate the claims." *Id.* Therefore, Defendant's Motion to Dismiss is granted with respect to claim II.

*Claims IV and V – Retaliation and Constructive Discharge*

Plaintiff brings a claim for retaliation against Defendant. Plaintiff asserts the retaliation claim "with respect to employment discrimination including retaliation." (Compl. ¶7A.) Plaintiff also alleges that Defendant did not appropriately address her Civil Rights Act violations because "Defendant continued discrimination and retaliation." (Compl. ¶7.)

Moreover, although Plaintiff does not specifically allege a constructive discharge claim, this is reasonably inferred from the last paragraph of the Complaint. Plaintiff alleges that filing a grievance with the EEOC would do nothing to alleviate the discrimination and retaliation. Thus, Plaintiff resigned on November 30, 2009. (Compl. ¶8).

The Complaint, when read in its entirety, contains sufficient factual support to maintain the retaliation and constructive discharge claims. Plaintiff's Complaint provides Defendant with adequate notice of the basis of the retaliation and constructive discharge claims. Therefore, Defendant's Motion to Dismiss the retaliation and constructive discharge claims is denied.

7

## CONCLUSION

Defendant's Motion to Dismiss is granted with prejudice with respect to claim II.

Defendant's Motion to Dismiss is denied with respect to claims I, III, IV and V.

Dated: June 10, 2010

JOHN W. DARRAH
United States District Court Judge